UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN BROOKS,<br><br>  Plaintiff,<br><br>  v.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>  Defendants. | Case No. 2:20-cv-00026-ART-EJY<br><br>**ORDER** |

This case proceeds on Plaintiff's First Amended Complaint asserting a violation of the Fourteenth Amendment Equal Protection Clause. On February 8, 2022, Defendant filed a Motion for Partial Summary Judgment, which was long before the June 1, 2022 deadline for doing so would have expired. ECF Nos. 33 and 35. The Motion for Partial Summary Judgment, which remains pending, argues Plaintiff's claim is barred by the statute of limitations and because Plaintiff failed to exhaust administrative remedies.

Presently before the Court is Defendant's Motion to Extend Dispositive Motion Deadlines (ECF No. 46) seeking to extend the upcoming June 1st dispositive motion deadline. Defendant asks the Court to set a new deadline of 60 days after a decision is issued on the already-pending dispositive motion. Defendant contends that if his current motion does not resolve the case in its entirety, he will file a second motion for summary judgment.

The parties previously sought an extension of the June 1. 2022 dispositive motion deadline through a stipulation that also included the reopening of discovery so Plaintiff could serve interrogatories. ECF No. 44. The Court denied the stipulation. The Court found the parties failed to explain why Plaintiff was unable to serve interrogatories during the discovery period that closed on May 2, 2022. The stipulation also failed to establish excusable neglect for seeking an extension after discovery closed and less than 21 days before the dispositive motion deadline lapsed.

In the instant Motion, Defendant represents he met and conferred with Plaintiff on May 25, 2022 about filing a second stipulation for extension of the dispositive motion deadline; however,

Plaintiff would not agree to do so. ECF No. 46 at 2. Defendant argues a delay of the dispositive motion deadline is necessary in order to efficiently and cost-effectively litigate the case. *Id.* at 3. Defendant explains he filed his Motion for Partial Summary Judgment early because Ninth Circuit law recommends the question of exhaustion should be decided before the merits of a claim. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). Defendant argues "it is inefficient and more costly to submit further dispositive motions … when there is a dispositive motion that may dismiss the case prior to ever reaching the merits." ECF No. 46 at 3. Defendant says he needs a 60 day delay in the current deadline that applies to a second motion for summary judgment because defense counsel will be unavailable for the final two weeks of June 2022 while he serves in the United States Army Reserves. *Id.* In the event the Court decides the pending Motion for Partial Summary Judgment in June, Defense Counsel states he will need more than the 30 days originally requested in the parties' stipulation to prepare a second motion. *Id.* at 3-4.

Whether to allow successive motions for summary judgment lies within the discretion of the Court. *Mauwee v. Palmer*, Case No. 3:10-CV-00250-RCJ, 2015 WL 3764943, at *5 (D. Nev. June 16, 2015). In fact, some judges in this district require a party to obtain leave of Court before doing so. *See, e.g.*, *Mauwee v. Palmer*, Case No. 3:10-CV-00250-RCJ, 2014 WL 6986138, at *1 (D. Nev. Dec. 10, 2014); *Reed v. Tracy*, Case No. 3:11-CV-00066-HDM, 2013 WL 6076460, at *1 (D. Nev. Nov. 18, 2013); *Luster v. Schomig*, Case No. 2:04-CV-00281-LRH, 2010 WL 4539525, at *1 (D. Nev. Nov. 2, 2010). Further, in this case, and based on the foregoing, the Court finds merely extending the dispositive motion deadline is imprudent. First, as Defendant contends, the pending summary judgment motion may be dispositive of the entire case. Second, it unlikely that the pending dispositive motion will be decided in the next two weeks (that is, the first part of June). Thus, third, this would render the specific justification offered for the extension moot.

The Court finds the efficacious outcome is an exercise of its broad discretion to manage discovery and the docket through staying consideration of any amended scheduling order deadlines until the pending Motion for Partial Summary Judgment is decided. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013) (finding "[t]he district court has wide discretion in controlling discovery" and entering a stay of discovery where necessary to promote

efficiency); *McCarty v. Roos*, Case No. 2:11-cv-01538-JCM, 2013 WL 5436578, at *1 (D. Nev. Sept. 27, 2013) (a district court possesses "wide discretion to manage its docket"). This stay ensures that if the pending Motion for Partial Summary Judgment disposes of the case, nothing more need be done and, if the pending motion does not dispose of the case, the parties have an opportunity, described below, to propose a new, limited scheduling order.

Accordingly, IT IS HEREBY ORDERED that Motion to Extend Dispositive Motion Deadlines (ECF No. 46) is DENIED.

IT IS HEREBY ORDERED that consideration of reopening discovery and extending dispositive motions deadlines are stayed until such time as the Court issues a decision on the pending Motion for Partial Summary Judgment.

IT IS FURTHER ORDERED that if the decision issued on the pending Motion for Partial Summary Judgment does not dispose of this case in its entirety, the parties **must**, within **twenty-one (21)** days thereafter, submit a joint scheduling order reflecting a date by which any proposed written discovery must be propounded, a dispositive motion deadline, and a joint pretrial order deadline.

Dated this 31st day of May, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE